UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMAN WAYNE SEGO,

              Petitioner,

                                        CASE NO. 05-CV-74126-DT

v.                                JUDGE GERALD E. ROSEN

                                    MAGISTRATE JUDGE PAUL KOMIVES

MILLICENT WARREN,

              Respondent,

_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ

of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d).

Accordingly, the Court should grant respondent's motion to dismiss the petition.

II.    <u>REPORT</u>:

A.    *Procedural Background*

        Petitioner Norman Wayne Sego is a state prisoner confined at the Thumb Correctional

Facility in Lapeer, Michigan. Petitioner is incarcerated pursuant to his 1989 convictions for first

degree murder and conspiracy to commit first degree murder. The record reveals the following time-

line of events:

- Petitioner was convicted of first degree murder, conspiracy to commit murder, and possession of a firearm during the commission of a felony on May 26, 1989, following his jury trial in the Genesee County Circuit Court.

- On June 28, 1989, petitioner was sentenced to a mandatory term of life imprisonment without possibility of parole on the first degree murder conviction, a concurrent term of 25-40 years' imprisonment on the conspiracy conviction, and a mandatory consecutive term of two years' imprisonment on the felony-firearm conviction.

- Petitioner appealed as of right to the Michigan Court of Appeals, raising two claims:

(1) insufficient evidence with respect to each conviction; and (2) prosecutorial misconduct. On December 8, 1992, the court of appeals issued its decision in petitioner's case, vacating the felony-firearm conviction on the basis of insufficient evidence and affirming petitioner's convictions in all other respects. *See People v. Buck*, 197 Mich. App. 404, 416-19, 496 N.W.2d 321, 329-30 (1992), *rev'd in part on other grounds sub nom. People v. Holcomb*, 444 Mich. 853, 508 N.W.2d 502 (1993).

• Petitioner sought leave to appeal in the Michigan Supreme Court. On July 12, 1994, the Supreme Court denied leave to appeal in a standard order. *See People v. Sego*, 521 N.W.2d 607 (1994).

• On October 19, 1999, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. On December 10, 1999, petitioner filed a letter with the court withdrawing his motion.

• On July 1, 2003, petitioner filed a second motion for relief from judgment in the trial court, raising two claims: (1) the trial court created a coercive environment for jury deliberations and accepted a non-unanimous verdict; and (2) ineffective assistance of trial and appellate counsel. The trial court denied the motion on December 18, 2003. *See* Pet. for Writ of Habeas Corpus, Attachment A, Tr. of Ruling of the Ct. on Def.'s Mot. for Relief from Judgment, dated 12/18/2003.

• Petitioner sought leave to appeal in the Michigan Court of Appeals, which denied leave to appeal in a standard order on August 20, 2004. *See People v. Sego*, No. 254979 (Mich. Ct. App. Aug. 20, 2004).

• Petitioner sought leave to appeal in the Michigan Supreme Court, which denied leave to appeal in a standard order on May 31, 2005. *See People v. Sego*, 472 Mich. 913, 696 N.W.2d 721 (2005).

• Petitioner filed the instant application for the writ of habeas corpus on October 25, 2005.[1] As grounds for the writ, he raises the two claims that he raised in his post-conviction relief motion in the state courts.

---

[1]Although petitioner's application is file-stamped October 27, 2005, it was dated by petitioner on October 25, 2005. It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on October 25, 2005.

2

On May 4, 2006, respondent filed a motion for summary judgment seeking dismissal of petitioner's habeas application. Respondent contends that petitioner's application is barred by the one year statute of limitations governing habeas petitions. *See* 28 U.S.C. § 2244(d). Petitioner filed a response to the motion on June 9, 2006. Petitioner argues that he is entitled to review of his claims because he is actually innocent of the crimes for which he was convicted. For the reasons that follow, the Court should grant respondent's motion and dismiss the petition.

B.      *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not suggest that any of the circumstances in subparagraphs (B) through (D) are present here, and thus only subparagraph (A) is applicable. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

4

Here, it is clear that petitioner's convictions became final when the Michigan Supreme Court denied his application for leave to appeal in 1994, well before the enactment of the AEDPA. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until October 25, 2005, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner's first motion for relief from judgment was filed on October 19, 1999.[3] By this time, however, the limitations period had already expired for more than two years. Petitioner's second motion for relief from judgment, filed on July 1, 2003, was likewise filed well after the limitations period had expired. The tolling provision of paragraph (d)(2) stops the limitations period from running; it does not, however, reset the limitations clock. *See McMurray v. Scutt*, 136 Fed. Appx. 815, 817 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Because the limitations period had already expired, petitioner's motions for relief from judgment did not toll the limitations period. *See McMurray*, 136 Fed. Appx. at 817; *Vroman*, 346 F.3d at 602. Thus, petitioner's habeas application is untimely.

---

[3]Because it does not affect the conclusion, I assume for the sake of argument that petitioner's first motion, which was ultimately withdrawn, could have tolled the limitations period for the time during which it was actually pending.

C.    *Actual Innocence*

Petitioner does not contest the foregoing application of the limitations period.  Rather, he argues that his application is not barred by the statute of limitations notwithstanding its untimeliness because he is actually innocent of the charges for which he was convicted.  The Court should conclude that this argument is meritless.

The Sixth Circuit has recently held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations.  *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005).  In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted).  "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence."  *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence").  *See generally*, *Souter*, 395 F.3d at 589-90. Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Thus, to establish the actual innocence exception "petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."  *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  Petitioner cannot make that

6

showing here.

As explained by the Michigan Court of Appeals, the convictions of petitioner and his three

co-defendants[4] arose

> out of an incident that occurred in a home in Flint where Norman Buck, Sr., was shot to death with a 12-gauge shotgun. The victim was the father of defendant Norman Buck, Jr. There was substantial testimony admitted at trial indicating that the victim had a reputation for violence and abusive behavior, about which all the defendants had some knowledge. During the night of November 6 and early morning hours of November 7, 1988, the victim allegedly made repeated threats and assaults in the presence of the defendants at the home where he would eventually be gunned down.

*Buck*, 197 Mich. App. at 407-08, 496 N.W.2d at 325.  The court of appeals also explained in more

detail the evidence against both Buck and petitioner:

> There was testimony presented that Buck went with defendants Sego, Geick, and others to get the gun that ultimately was used to kill the victim. Further, there was testimony indicating that Buck, while in the car on the way to the house where the victim was killed, stated: "My dad thinks he is going to come over and shoot us up, I guess I can shoot him back too." When the men were on their way to the house, Buck loaded and unloaded the weapon. In addition, Buck and defendant Holcomb discussed who should do the shooting, whereupon Buck suggested that Holcomb do it because he was a juvenile and would get off with a lighter sentence.
>
> The testimony also revealed a plot by defendants to make the shooting look like self-defense. To this end, a man named Kevin Cameron acquired a large knife that was wiped clean of fingerprints and placed in the victim's hand after the victim was shot. The evidence indicated that Buck knew of the plan to place the knife in his father's hand and cautioned others not to touch the knife after it was wiped clean of fingerprints
>
> * * * *
>
> The evidence showed that Sego was in the car with Buck, Geick, and the others when the weapon was procured. In fact, Cameron testified that both Sego and Buck informed him that it was their intention to kill the victim. Joseph Geick testified that he heard Sego discuss the plan to place the knife in the victim's hand to make the shooting look like self-defense. Further, the evidence showed that after the victim was shot the first time, Sego dragged him back into the house so that Holcomb could shoot him two more times.

---

[4]Petitioner's co-defendants were Norman Buck, Jr., Franklin Geick, and Randall Holcomb.

7

*Buck*, 197 Mich. App. at 411, 417, 496 N.W.2d at 327, 329.

This evidence was sufficient to establish petitioner's factual guilt with respect to the murder and conspiracy charges. Petitioner does not offer any new, reliable evidence casting doubt on his factual guilt. Rather, petitioner contends that he is actually innocent solely because the jury did not render a unanimous verdict of guilt. This argument fails for two reasons. First, even assuming this claim were true, it does not establish factual innocence. Petitioner's claim may provide a basis for overturning his conviction, and thus establish his legal innocence, but it does not in any way show that petitioner, "as a factual matter, . . . did not commit the crime for which he was convicted." *Finley*, 243 F.3d at 220. Petitioner's jury unanimity claim therefore cannot establish his actual innocence sufficient to overcome the statute of limitations bar. *See United States v. Barajas-Diaz*, 313 F.3d 1242, 1248 (10th Cir. 2002) (holding that, with respect to defaulted claim that the trial court had erred in failing to instruct the jury that unanimity was required as to each predicate act underlying a continuing criminal enterprise charge, "[t]o the extent that petitioner argues that his particular jury failed to find unanimously each of the predicate violations, his argument is one for *legal* rather than *actual* or factual innocence."); *Mercado v. Portuondo*, 77 Fed. Appx. 546, 548-49 (2d Cir. 2003) (holding that claim that trial judge failed to ensure that the verdict was unanimous was procedurally defaulted and that petitioner had not demonstrated actual innocence).

Further, even if the lack of unanimity alone sufficed to establish actual innocence, petitioner's claim fails as a factual matter because he cannot show that the jury was not unanimous in its verdict. At trial, the foreperson indicated that the jury had found petitioner guilty as to each count. *See* Trial Tr., Vol. VI, at 966. The Clerk then asked the jury: "You and each of you do say upon your oaths that you find the Defendant Norman Sego as to Count I guilty of First Degree

Murder, as to Count II guilty, as to Count III guilty of Conspiracy to Commit First Degree Murder, so say you Madam Forelady, so say you members of the jury?" *Id*. at 966-67. The transcript records a collective response of "I do" by the jury. *See id*. at 967. Although defense counsel requested that the jury be polled, and most of the jurors were polled, it appears from the record that not all of the jurors were polled as to each count, and that one or two jurors may not have been polled at all. Nevertheless, the trial court rejected petitioner's claim in ruling on his motion for relief from judgment, reasoning:

> Admittedly there was a request to poll the jury, and, admittedly, on this record it does not reflect that all jurors were asked individually whether they agreed or disagreed with the verdict. However, as indicated, there is nothing on this record to indicate any hesitancy, or disagreement by any of the jurors. There were three defendants, three attorneys, and a Judge in the courtroom, and no one raised a question with respect to the polling procedure. None of the jurors spoke to say their names had not been called. None of the jurors said that this is not my verdict.

*See* Pet. for Writ of Habeas Corpus, Attachment A, Tr. of Ruling of the Ct. on Def.'s Mot. for Relief from Judgment, dated 12/18/2003, at 14.

The trial court made a factual determination that the jury was unanimous. This factual determination is presumed correct, absent its refutation by clear and convincing evidence. *See Rodriguez v. Goord*, No. 02 Civ. 6318, 2004 WL 540531, at *19 (S.D.N.Y. Mar. 19, 2004) (trial court's finding that jury was unanimous entitled to deference on habeas review); 28 U.S.C. § 2254(e)(1) (factual findings are presumed correct on habeas review unless rebutted by clear and convincing evidence). Here, petitioner has offered nothing to show that the jury was not unanimous. Notwithstanding the failure to completely poll the jury, the jury collectively assented to the verdict read by the foreperson, and no juror expressed any indication that he or she disagreed with the verdict. And, as the trial court explained, no one–not the trial judge, prosecutor, or any one of the

9

three defense attorneys–gave any indication that there was a problem with the jury's verdict.  In these circumstances, petitioner's claim that the jury was not unanimous solely because it was not properly polled is without merit.  *Cf. Rivera v. Conway*, 350 F. Supp. 2d 536, 548 (S.D.N.Y. 2004).  Thus, even if the absence of jury unanimity alone could suffice to establish actual innocence as a legal matter, as a factual matter petitioner's claim is without merit.  Thus, the Court should conclude that petitioner has failed to establish his actual innocence, and therefore that petitioner's application is barred by the statute of limitations.[5]

D.   *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions.  Accordingly, the Court should grant respondent's motion to dismiss the petition.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

---

[5]In his response brief, petitioner also mentions equitable tolling.  Apart from his actual innocence argument, however, petitioner does not assert any basis for equitably tolling the limitations period.  Accordingly, the Court need not consider equitable tolling further.  *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) ("The petitioner bears the burden of establishing that he is entitled to equitable tolling.").

10

*Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/12/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail or December 12, 2006.

s/Eddrey Butts_____
Case Manager

11